IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20-CR-151 |
| vs. | |
| JAMES N. JOINER, | **ORDER** |
| Defendant. | |

    This matter is before the Court on its own motion. This case is currently set for jury trial beginning tomorrow, February 23, 2021, at 9:00 a.m. *See* Filing 34 at 1. According to the United States' witness list, there are five potential witnesses in this case, and all five work for the same law enforcement agency. Filing 30. Counsel for the United States has informed the Court and counsel for Defendant that one of the United States' witnesses in this case very recently tested positive for COVID-19 and is therefore unavailable for trial. While counsel for the United States has indicated the non-essential nature of the unavailable witness's testimony, the Court understands that the unavailable witness was in close, extended contact with the other potential witnesses during the past week. As a result, the Court will continue trial to March 16, 2021, at 9:00 a.m. on its own motion and exclude the time between February 23 and March 16 from the Speedy Trial Act calculation as discussed below.

    "The Speedy Trial Act, 18 U.S.C. § 3161, provides that a defendant's trial 'shall commence within seventy days from the filing date . . . of the information or indictment.'" *United States v. Fogg*, 922 F.3d 389, 392 (8th Cir. 2019) (quoting 18 U.S.C. § 3161(c)(1)). However, excluded from the seventy-day calculation is "[a]ny period of delay resulting from a continuance granted by any judge on his own motion" if "the judge granted such continuance on the basis of his findings

1

that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Court first acknowledges that there is ample case law supporting a continuance if an essential witness is unavailable. *See United States v. Porchay*, 651 F.3d 930, 938 (8th Cir. 2011) (stating "[a]ll that the essential witness exclusion requires are findings that a witness is either absent or unavailable and also essential," and the Court need not "make further findings about the identity of the witnesses or their specific locations"); *see also United States v. James*, No. 18-CR-216 (SRN/HB), 2019 WL 644829, at *2 (D. Minn. Feb. 15, 2019) (granting continuance due to the unavailability of two witnesses when one witness had "long planned an out-of-state trip to celebrate his daughter's 16th birthday" on the trial date and another witness did not personally suffer from a medical issue but whose wife and children needed care due to the wife's "medical recovery").

In the present case, the Court does not have information in the record as to whether any of the other witnesses must quarantine or are otherwise unavailable due to exposure to the witness who tested positive for COVID-19. The parties have simply not had sufficient time in the judgment of the Court to make such a determination and file affidavits or declarations on this subject.

However, the Court concludes that the "ends of justice" exclusion for speedy trial calculation is met and finds the time resulting from a continuance is properly excludable on this basis. In order to exclude time under the Speedy Trial Act's "ends of justice" exclusion, the Court is required to set "forth . . . in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

2

> The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> > (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> > (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> > (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> > (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

The Court has considered this non-exhaustive list of factors.[1] Given the representation that one of the United States' witnesses tested positive for COVID-19, and such witness had contact with the remaining government witnesses last week, the Court finds that allowing trial to proceed tomorrow would unnecessarily jeopardize the health and safety of the venire, jury, court staff, counsel, and witnesses.[2] The Court additionally notes that it can identify no prejudice to Defendant's case as to a further delay of the trial. The Court also notes that counsel for Defendant

---

[1] The second, third, and fourth factors are inapplicable here.
[2] These concerns are similar to those enumerated by the Court in General Orders 2020-04, 2020-14, and 2021-02, namely the safety of jurors.

3

was contacted by counsel for the government and did not object to the continuance of the trial given the circumstances. Given these serious concerns, the Court finds that continuing this trial and excluding such time from speedy trial calculations both serve the ends of justice and outweigh the best interest of the public and Defendant's right to a speedy trial.

For the foregoing reasons, the Court continues trial in this matter until March 16, 2021, at 9:00 a.m. and excludes the time between February 23 and March 16 from the Speedy Trial Act calculation in this case.

IT IS ORDERED:

1. The jury trial currently scheduled for February 23, 2021, at 9:00 a.m. is continued to March 16, 2021, at 9:00 a.m.;

2. The time between February 23, 2021, and March 16, 2021, is excluded from the Speedy Trial Act calculation; and

3. Defendant's failure to object to this order on or before Monday, March 1, 2021, will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 22nd day of February, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge